DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, I.H.S., Inc., d.b.a. Hudson Elms Nursing Home, appeals an order of the Cuyahoga Falls Municipal Court that awarded pay for unused vacation time to Plaintiff-appellee, Robert Bologa. We reverse.
On September 1, 1997, Appellant eliminated Bologa's job as Human Resource Manager as part of a reorganization. After he had received notice of the layoff, but before the effective date, Bologa requested payment for one hundred sixty hours of unused "paid time off" ("PTO"). Appellant denied the request, and Bologa brought a claim for $2,268.80 in the Cuyahoga Falls Municipal Court. On June 11, 1998, the claim was heard by a magistrate. The magistrate concluded that Bologa was not entitled to PTO payment under the PTO policy in effect at the time of his layoff. Bologa filed timely objections with the trial court. On June 30, 1998, the trial court adopted the magistrate's findings of fact, but reversed the decision as a matter of law and awarded PTO pay to Bologa. Appellant timely appealed and has raised one assignment of error.
 ASSIGNMENT OF ERROR
The court below erred as a matter of substantive Ohio law in awarding judgment to Appellee[.]
The trial court adopted the magistrate's findings, but held that, as a matter of law, "[a]n agreement entitling employees to vacation with pay, and which is based upon length of service and time worked, is not a gratuity, but instead a form of compensation for services." In doing so, the court relied on Shuler v. USATire, Inc. (June 17, 1991), Butler App. No. CA90-08-171, unreported, 1991 Ohio App. LEXIS 2814. The Fifth District Court of Appeals has also concluded that:
 vacation pay is not a gift or gratuity, but rather a deferred payment of an earned benefit. It seems * * * [that the employer] can no more withhold the accrued vacation pay than, for example, it could hold the last pay check the employee had earned but not received.
Straughn v. Dillard Dept. Store (Mar. 4, 1996), Stark App. No. 95CA0294, unreported, 1996 Ohio App. LEXIS 1234, at *4. This court has previously declined to follow Straughn "[t]o the extent that [the case] stands for [the] proposition that an employee is entitled to vacation pay on a theory other than breach of contract or promissory estoppel[.]" Ammons v. Akromold, Inc. (May 20, 1998), Summit App. No. 18641, unreported, at 7. Accordingly, Bologa was not entitled to payment for PTO unless he could establish a contractual right to payment or demonstrate that the doctrine of promissory estoppel applies. Under these circumstances, we agree that the trial court's decision constituted an abuse of discretion.
Appellant's PTO policy in effect at the date of Bologa's termination states, in part:
 6. Prospective Nature of PTO. PTO is a "front-loaded" benefit, meaning that it is awarded to the employee prospectively and is not an earned or accrued benefit. The prospective nature of PTO precludes any obligation to pay out PTO at termination of employment or to allow employees to accumulate or carryover PTO from one benefit year to another, unless state law specifically requires the payout or carryover of prospective benefits such as PTO.
* * *
 No Payout of PTO Upon Termination of Employment. PTO is not paid to employees at termination of employment regardless of the reasons for termination, unless otherwise required by state law.
The plain language of this policy precludes Bologa from collecting any payment for PTO upon termination, regardless of whether employee fault contributed to the termination. Bologa, however, has argued that these provisions are inapplicable because the PTO policy was changed in 1996. He has argued that he did not approve the changes and that he did not receive consideration in return. This court has held that "[a]bsent the application of equitable doctrines such as detrimental reliance, the terms and conditions of an at-will contract can be prospectively changed without consideration." Nichols v. Waterfield Financial Corp. (1989),62 Ohio App.3d 717, 719. See Johnson v. Malone (Dec. 20, 1989), Summit App. No. 14142, unreported, at 5-6. There is no indication that Bologa and Appellant enjoyed anything other than an at-will employment relationship.
Assuming, arguendo, that the provisions of the previous PTO policy are applicable to Appellant, he would still not be entitled to payment upon termination. That policy provided, in part:
 11. PTO shall not be carried forward into successive years or allowed to accumulate. All PTO hours which have not been used within each benefit year will be forfeited.
 12. PTO hours cannot be turned in for cash in lieu of taking time off. PTO cannot be used to complete a notice of resignation. Unused PTO will be forfeited upon termination.
* * *
 This policy supersedes any previous policies regarding PTO. This PTO program is subject to change at any time at the discretion of [Appellant's predecessor] with or without notice.
(Emphasis in original.) Nonetheless, Bologa has argued that he was also entitled to PTO pay because (1) he was denied a request for PTO prior to the effective date of his termination, and (2) he refused to sign the acknowledgment form distributed by Appellant when the PTO policy was updated. Bologa's request for PTO indicates that the appropriate form was submitted prior to the effective date of his termination, but that he requested PTO for three days that fell after his termination date. This is impermissible under either of Appellant's PTO policies. Further, Appellant reserved the right to change the PTO policy with or without notice.
Bologa was not entitled to a PTO payment under either the 1992 or 1996 versions of Appellant's PTO policy. Accordingly, Appellant's assignment of error is well taken, and the judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. ___________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
MILLIGAN, J. CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)