MORGAN LUMBER SALES COMPANY *v.* TOTH ET AL.

[Cite as Morgan Lumber Sales Co. v. Toth (1974), 41 Ohio Misc. 17.]

(No. 73 CV-12-4406—Decided May 31, 1974.)

Common Pleas Court of Franklin County.

*Messrs. Vorys, Sater, Seymour & Pease*, for plaintiff.
*Messrs. Moritz, McClure & Palmer, Mr. Thomas E. Palmer* and *Mr. Charles W. Kettlewell*, for defendants.

FLOWERS, J. This matter comes on for consideration of application for preliminary injunction which the court orders consolidated on the merits upon application by plaintiff at the hearing. Plaintiff seeks an injunction against defendants under the terms of a restrictive employee covenant agreement between plaintiff, as employer, and defendant, James M. Toth, employee.

Upon consideration of the evidence adduced at hearing and the pleadings, the court finds as follows:

Plaintiff is engaged in the wholesale lumber supply business throughout the United States. Defendant, James M. Toth, was employed as a salesman by plaintiff on January 2, 1970. In early 1971, two of plaintiff's employees left and established a competing wholesale lumber business in the Columbus area. On July 6, 1971, said defendant and other employees were requested and did sign agreements containing the following provisions:

"WHEREAS, Morgan has employed the Employee in a capacity which will give the Employee confidential knowledge of Morgan's methods of operation and contact with its customers and suppliers, and

"WHEREAS, Morgan desires to protect its interests therein;

"NOW, THEREFORE, in consideration of his employment by Morgan, the Employee agrees as follows:

"1. While he is employed by Morgan, Employee will not engage in a business similar to the business of Morgan, and will not supply any information to any competitor or potential competitor of Morgan as to Morgan's customers, suppliers or methods.

"2. For a period of two years after the termination of his employment as an employee of Morgan, Employee will not contact any customer or suppliers of Morgan in connection with any business that is in any way competitive with Morgan, he will not induce or attempt to induce any employee of Morgan to leave Morgan's employ, he will not engage, directly or indirectly, or own any interest in any business operating in those states in which Morgan is active that is in any way competitive with Morgan, and he will not disclose to any other person or entity the customers or suppliers of Morgan or the methods of Morgan."

On October 31, 1973, defendant, James M. Toth, left the employ of plaintiff and began similar employment the next day with defendant, Hess-Gardner Lumber Company, Inc., a competing wholesale lumber supplier. The basic question involved the validity and enforceability of negative restrictive covenants in contracts for services where

not included in the original contract of employment but in a subsequent contract for continuance of employment. The present agreement specifies it to be for the protection of plaintiff's interest and does not guarantee any period of future employment to defendant, James M. Toth. A general annotation on the subject appears in 152 A. L. R. 415 and recognizes a difference of opinion throughout the country. Both sides concede the present question to be one of first impression in Ohio. Such covenants are strictly construed in Ohio because (1) they are normally written by the employer, and (2) they are in restraint of trade and right to livelihood. Where enforced, they must be reasonable and necessary in application.

This court is more impressed by the theory and logic of the decision in *Kadis* v. *Britt* (1944), 224 N. C. 154, 29 S. E. 2d 543, decided by the North Carolina Supreme Court. Headnote number one of such case, as reported in 152 A. L. R. 405, reads as follows:

"A contract by an employee not to divulge information obtained in the employment and not to engage in other employment in a similar business for two years after the cessation of his employment is not supported by a sufficient consideration where it was not executed until after he has been in the employment for several years. his position and duties and the nature of the business remain exactly the same as before, and the employer, reserving the right to discharge him at any time, does not assume any obligation which he does not already have."

Accordingly, the court concludes that the present agreement fails for want of consideration. The court further observes that the present restrictions effectively preclude similar employment throughout the United States for a period of two years. Either limitation of time or area might be reasonable in a given case, but taken together, would impose an unreasonable restriction on the facts developed in the present case.

It is, therefore, ordered, adjudged and decreed that the complaint herein be dismissed at the costs of plaintiff.

*Complaint dismissed.*