**NICHOLS, Appellee,**

v.

**WATERFIELD FINANCIAL CORPORATION, Appellant.**

[Cite as *Nichols v. Waterfield Financial Corp.* (1989), 62 Ohio App.3d 717.]

Court of Appeals of Ohio,
Summit County.

No. 13917.

Decided May 3, 1989.

*Michael D. Baker* and *Ronald O. Kaffen*, for appellee.

*R. Scott Jamieson* and *Barbara A. Knapic*, for appellant.

MAHONEY, Presiding Judge.

Appellant, Waterfield Financial Corp. ("Waterfield") appeals from the judgment of the Summit County Court of Common Pleas in favor of the appellee, Roger Nichols. We reverse.

## Facts

In the latter part of 1982, Waterfield hired Nichols as a loan originator pursuant to an oral contract. The contract provided, *inter alia*, that Nichols was to be paid a one-half of one percent commission on the gross value of all mortgages which were obtained by Nichols, and which were subsequently processed and approved by Waterfield. It is undisputed that this contract was an at-will contract. On March 3, 1983, Nichols was presented with a letter, which he signed, that stated upon termination that Nichols would not be entitled to pipeline commissions. A "pipeline commission" is a term used in the mortgage loan industry. It refers to a commission which a loan originator

receives, after he is terminated, on mortgages which he originated but had not yet been processed and approved on the date of his termination.

Nichols was terminated in August 1986. Nichols demanded and was refused the pipeline commissions. Thereupon, Nichols brought the instant lawsuit to recover the pipeline commissions.

### Assignment of Error I

"The trial court erred in awarding pipeline commissions to Nichols."

The trial court found that at the time Nichols was hired that no provision was made for pipeline commissions. Further, the trial court found that the March 3, 1983 letter was a modification without consideration and hence ineffective. The trial court then concluded that no valid provision had been made for the pipeline commissions. However, the trial court determined that Nichols had performed the work and was entitled to the pipeline commissions.

■ We disagree with the trial court's analysis. It is undisputed that Nichols was employed under an at-will contract. Absent the application of equitable doctrines such as detrimental reliance, the terms and conditions of an at-will contract can be prospectively changed without consideration. See Annotation (1975), 63 A.L.R.3d 539, 544–545.

■ Furthermore, we find that even if consideration were required to modify the at-will employment contract, that Nichols' continued employment was sufficient consideration to modify the contract. *O'Brien v. Production Engineering Sales Co.* (Jan. 8, 1988), Montgomery App. No. 10417, unreported, 1988 WL 2436; *Wellendorf v. Local Union 377* (June 7, 1988), Mahoning App. No. 87 C.A. 37, unreported, 1988 WL 59811.

The March 3, 1983 letter informed Nichols that one of the new conditions of the at-will relationship was that Nichols would not be entitled to pipeline commissions. Of course, the letter would have no effect on commissions in the pipeline at that time. However, Nichols continued to work at Waterfield until August 1986. Nichols testified that commissions would be in the pipeline for sixty to one hundred twenty days. Thus, when Nichols was terminated it is unlikely that any of the pipeline commissions were in the pipeline prior to March 3, 1983.

■ We find that the March 3, 1983 letter effectively imposed upon Nichols the condition that he would not receive pipeline commissions if the at-will relationship continued.

Accordingly, Waterfield's first assignment of error is sustained.

### Assignments of Error II and III

"II. The trial court erred when it failed to rule on defendant's motion for leave to file amended answer instanter.

"III. The trial court erred by failing to find that Nichols' claim was barred by the defenses of waiver, estoppel and/or laches."

In light of our disposition of Waterfield's first assignment of error, Waterfield's second and third assignments of error are moot.

### Summary

Waterfield's first assignment of error is sustained and the judgment of the trial court is reversed and vacated. Judgment is hereby entered for Waterfield. App.R. 12(B).

*Judgment reversed.*

QUILLIN and BAIRD, JJ., concur.