COPECO, INC., Appellant,

v.

CALEY et al., Appellees.

[Cite as *Copeco, Inc. v. Caley* (1992), 91 Ohio App.3d 474.]

Court of Appeals of Ohio,
Stark County.

No. CA–8776.

Decided Dec. 21, 1992.

*Ronald G. Figler,* for appellant.

*Arthur S. Leb,* for appellees.

HOFFMAN, Presiding Judge.

Plaintiff-appellant is Copeco, Inc. and Ronald P. Caley et al. are defendants-appellees.

## Statement of the Facts

Appellees Caley and Muntean were copy machine salesmen for appellant in the business of office equipment sales. Muntean began his employment in 1982, as a sales representative, and Caley began with Copeco in a similar capacity in 1987.

A few days after Caley was hired, Caley and Muntean were presented with an employment contract containing a covenant not to compete. Prior to being presented with this document Caley and Muntean had been in a traditional "at-will" relationship with Copeco. In pertinent part, the "Sales Representative Agreement" stated:

"In consideration of One Dollar ($1.00) and other good and valuable considerations [sic] in hand paid by the Company to the Representative * * *."

Also at Section 17, Covenant Not To Compete In Sales, the agreement stated:

"The Representative shall not, during the term of this Agreement or for eighteen (18) months immediately following the termination of this Agreement, regardless of which party initiated the termination, for himself or in behalf of any other person * * * engage in such Office Information Products business, nor engage in or enter the employment of, or act as a sales agent or broker for the products or services of, or act as a consultant or advisor to, any person, firm * * * in or about to become engaged in the distribution, sale or servicing or such Office Information Products within the Territories served by the Representative. * * * "

The subject trade area is a circle with its radius extending forty-five miles from the center of Canton.

On or about September 1, 1989, Caley and Muntean resigned from Copeco and began doing business together as a company named "Copy Right." Caley and Muntean had incorporated this entity several months before their resignation.

Subsequently appellant filed suit against Caley, Muntean, and Copy Right, alleging breach of contract, unlawful use of confidential information and trade secrets, intentional interference with business relationships and contract rights and unfair competition. Appellees filed a motion for summary judgment, which was overruled. The court of common pleas subsequently ordered a bifurcation of the trial, with the issue of a valid and enforceable agreement to be the subject of the first trial and the remaining issues to be the subject of the second trial. Subsequently the court also reiterated its bifurcation decision as follows:

"This court had previously bifurcated the trial of this matter. The first trial was to commence on 6/24/91 on the issue of the validity of the employment contract and, in particular, Sec. 16 and 17 [sic] of said contract known as the restrictive covenant sections. Based upon the holding of *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544], the court finds that the issue other than general issues of contract will be whether or not the restrictive covenant was reasonable including questions of whether or not it is no greater than is required for the protection of the employer, or causes a hardship for employee or is injurious to the public."

At this juncture we note there is some confusion as to what issues were heard by the court when the matter came on for bench trial. Appellees state that "the trial on all issues, excluding damages, commenced on September 23, 1991." However, the court clearly stated in its opinion filed October 22, 1991 that "the issue of this trial was the legality of the sales agreement contract." Contained within the court's opinion are Findings of Fact and Conclusions of Law and we recite them in pertinent part:

"[Finding of Fact No.] 2. Defendant Caley was informed that if he did not sign the agreement he would be discharged. There was no consideration for signing. During the course of employment the Defendant received an increase in salary, commissions and auto allowance."

By its Conclusions of Law, the court opined:

"1. As a matter of law, there was no consideration given for the signing of sales representative agreement save continued employment.

"2. As a matter of law, the terms of the sales representative agreement created an employment at-will relationship between Defendant Caley and Plaintiff.

"3. As a matter of law, because of the lack of consideration, the sales representative contract is neither valid nor enforceable."

The court then sustained defendants' motion for directed verdict and dismissed the cause as to all parties. Appellant assigns the following three assignments of error:

"I. The trial court's finding that there was no consideration for the sales representative agreement, entered into between plaintiff-appellant Copeco, Inc. and defendant-appellee Ronald P. Caley, is not supported by the evidence and, therefore, the trial court's conclusion that said sales representative agreement is neither valid nor enforceable is erroneous as a matter of law.

"II. The evidence supports a finding that the restrictive covenants, contained in said sales representative agreement, are reasonable, are no greater than is required for the protection of plaintiff-appellant, will not cause an undue hardship for defendant-appellant Ronald P. Caley, and are not injurious to the public, and, therefore, the trial court erred by failing to so find and by failing to conclude that such restrictive covenants are valid and enforceable.

"III. The trial court erred, as a matter of law, in dismissing the case without trying the causes of action, alleged by plaintiff-appellant in the complaint, of unlawful use of confidential information and trade secrets, intentional interference with business relationships and contract rights, and unfair competition."

Assignment of Error No. I

Assignment of Error No. I centers around the element of consideration. It is not disputed that both Caley and Muntean were informed that failure to sign the agreement would result in their immediate termination from Copeco. Appellant has inundated us with authority on this issue, the majority of it not from our jurisdiction. However, it has supplied us with *Nichols v. Waterfield Financial Corp.* (1989), 62 Ohio App.3d 717, 577 N.E.2d 422, motion to certify overruled (1989), 45 Ohio St.3d 710, 545 N.E.2d 905. In *Nichols,* the Court of Appeals for Summit County declared at 719, 577 N.E.2d at 423:

"Furthermore, we find that even if consideration were required to modify the at-will employment contract, that Nichols' *continued employment* was sufficient consideration to modify the contract. *O'Brien v. Production Engineering Sales Co.* (Jan. 8, 1988), Montgomery App. No. 10417, unreported, 1988 WL 2436; *Wellendorf v. Local Union 377* (June 7, 1988), Mahoning App. No. 87 C.A. 37, unreported, 1988 WL 59811." (Emphasis added.)

In response, appellees cite *Prinz Office Equip. Co. v. Pesko* (Jan. 31, 1990), Summit App. No. CA–14155, unreported, 1990 WL 7996, wherein the same court held at 5:

"Where the restrictive covenant was not agreed to by the employee upon his or her initial hire, it must be supported by something more than a promise of continued employment. *Morgan Lumber Sales Co. v. Toth* (1974), 41 Ohio Misc. 17, 19 [70 O.O.2d 33, 34, 321 N.E.2d 907, 908]."

Notably there is no mention of *Nichols* in *Prinz.* We concur with the *Nichols* court's analysis that continued employment serves as sufficient consideration to support the employment agreement.

Finally, we note that the *Prinz* court (more precisely the *Prinz* panel) made the following distinction:

"A noncompetition agreement, like any other contract, must be supported by consideration. Adequate consideration is present where the restrictive covenant is entered into by the employee at the time the employee accepts employment. See *Cohen & Co. v. Messina* (1985), 24 Ohio App.3d 22, 25 [24 OBR 44, 47, 492 N.E.2d 867, 871]. In such a situation, a valid exchange of promises occurs: the employee promises not to compete upon termination of employment and the employer promises to hire the employee. Where the restrictive covenant was not agreed to by the employee upon his or her initial hire, it must be supported by something more than a promise of continued employment. *Morgan Lumber*

*Sales Co. v. Toth* (1974), 41 Ohio Misc. 17, 19 [70 O.O.2d 33, 34, 321 N.E.2d 907, 908]."

We deem the above to be distinction without a difference. As a practical matter every day is a new day for both employer and employee in an at-will relationship. As stated *supra*, we see no substantive difference between the promise of employment upon initial hire and the promise of continued employment subsequent to "day one."

Assignment of Error No. I is sustained.

### Assignments of Error Nos. III and II

Based upon our disposition of the first claim of error as to the validity/enforceability of the subject contract, we need not discuss this third assignment of error dealing with whether the court's grant of a directed verdict foreclosed appellant from trying its multiple causes of action. Those claims must be addressed by the trial court upon remand.

Likewise we need not discuss the second assignment of error, *viz*, whether the covenant not to compete was reasonable or created an undue hardship upon appellees, inasmuch as those issues remain for the trial court to determine upon remand.

Having sustained appellant's first assignment of error and declining to discuss the remaining two assignments, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

PUTMAN and SMART, JJ., concur.