**CANTER, d.b.a. Four C. Enterprises, Appellant,**

**v.**

**TUCKER, Appellee.**

[Cite as *Canter v. Tucker* (1996), 110 Ohio App.3d 421.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE11–1488.

Decided April 18, 1996.

*William H. Bluth,* for appellant.

*Golden & Meizlish* and *Eric J. Wittenberg,* for appellee.

REILLY, Judge.

This matter is before this court upon the appeal of John Canter, appellant, from the October 20, 1995 decision and entry of the Franklin County Court of Common Pleas, which granted summary judgment in favor of appellee, Stacey Tucker.

The facts of this case are as follows: Appellant operates an adult conversation business. Appellee worked for appellant beginning in 1990 and was an at-will employee. In 1991, appellee was promoted to the position of shift supervisor. In 1992, all new and existing employees, including appellee, were required to sign a covenant not to compete. It is undisputed that any employee who refused to sign the covenant not to compete would be fired. Appellee signed the agreement, although she did not believe that it was enforceable. It is undisputed that appellee received no separate consideration at the time she signed the agreement not to compete.

In 1994, appellee began her own business and placed ads for her business in national magazines. Appellant learned of appellee's competing business, and fired appellee in September 1994. Appellant filed a complaint seeking injunctive and monetary relief for appellee's alleged breach of the covenant not to compete, and for the alleged misappropriation of trade secrets and customers. A hearing on appellant's motion for a preliminary injunction was held on March 13, 1995. This motion was denied. Thereafter, appellee moved for summary judgment as to all claims raised in the complaint, which the trial court granted.

Appellant appealed and asserts the following assignments of error:

"1. The trial court erred in sustaining the defendant's motion for summary judgment because a fulfilled promise of continued employment is sufficient consideration to support an existing at-will employee's covenant not to compete.

"2. The trial court erred in sustaining the defendant's motion for summary judgment because genuine issues of material fact existed as to whether defendant had misappropriated plaintiff's trade secrets."

■ Appellant's first assignment of error presents the crucial issue in this case: whether continued employment constitutes sufficient consideration to support a covenant not to compete. The trial court answered this in the negative and, for that reason, granted summary judgment in favor of appellee.

■ Clearly, courts are split on this issue and, to date, the Ohio Supreme Court has not addressed the issue. It is a fundamental principle of contract law that mutual consideration is necessary to support a contract. *Chrysalis Health Care, Inc. v. Brooks* (1994), 65 Ohio Misc.2d 32, 640 N.E.2d 915. Thus, in order to have a valid covenant not to compete, consideration must be given. However, courts will generally not inquire into the *adequacy* of consideration once consideration is said to exist, unless the inadequacy of consideration is so gross of itself to prove fraud or imposition. *Rogers v. Runfola & Assoc., Inc.* (1991), 57 Ohio St.3d 5, 6, 565 N.E.2d 540, 541–542; *Columbus Med. Equip. Co. v. Watters* (1983), 13 Ohio App.3d 149, 150, 13 OBR 182, 183–184, 468 N.E.2d 343, 345–346.

Several courts have held that continued employment, with nothing more, does not constitute consideration, and for that reason, have refused to enforce covenants not to compete. See *Morgan Lumber Sales Co. v. Toth* (1974), 41 Ohio Misc. 17, 70 O.O.2d 33, 321 N.E.2d 907; *Prinz Office Equip. Co. v. Pesko* (Jan. 31, 1990), Summit App. No. 14155, unreported, 1990 WL 7996; *Bryan v. Hall Chem. Co.* (1993), 993 F.2d 831[1]; *Apronstrings, Inc. v. Tomaric* (Aug. 7, 1987), Lake App. No. 11-272, unreported, 1987 WL 15445; *Etna Products, Inc. v. Stofey* (Sept. 28, 1981), Geauga App. No. 953, unreported, 1981 WL 3784 (noting that the covenants were solely for the protection of the employer and did not guarantee any period of future employment to the employee); *Burnham v. Digman* (July 21, 1986), Licking App. No. CA-3185, unreported, 1986 WL 8560; and *Toledo Clutch & Brake Serv., Inc. v. Childers* (Feb. 28, 1986), Lucas App. No. L-85-069, unreported, 1986 WL 2683. Several of these cases rely on *Toth* for the proposition that continued employment, alone, does not constitute consideration. *Burnham; Prinz; Apronstrings; Toledo Clutch, supra.*

Some of the cases set forth by appellant are distinguishable, insofar as other valid consideration existed, along with the promise of continued employment. See *Rogers; Watters, supra; Credit Consultants, Inc. v. Gallagher* (June 25, 1991), Franklin App. No. 91AP-26, unreported, 1991 WL 124357.

However, appellant sets forth cases wherein courts held that, in the case of an at-will employee, continued employment alone was valid consideration to support a covenant not to compete. See *Copeco, Inc. v. Caley* (1992), 91 Ohio App.3d 474, 632 N.E.2d 1299. *Copeco* cited *Nichols v. Waterfield Financial Corp.* (1989), 62 Ohio App.3d 717, 577 N.E.2d 422, which held that continued employment was sufficient consideration to modify a contract. It should be noted that *Nichols* did not involve a covenant not to compete. The *Copeco* court acknowledged the *Prinz* decision, but found its reasoning flawed.

The *Copeco* court recognized that its decision was in conflict with *Prinz,* and certified its decision to the Ohio Supreme Court. The Ohio Supreme Court dismissed the appeal, stating that the judgments were not in conflict. *Copeco, Inc. v. Caley* (1994), 69 Ohio St.3d 79, 630 N.E.2d 662. As noted by the *Chrysalis* court:

" * * * The facts of *Prinz* and *Copeco* are almost identical. At issue in each case is whether continued employment alone is sufficient consideration to sup-

---

1. *Bryan* cites *Cohen & Co. v. Messina* (1985), 24 Ohio App.3d 22, 24 OBR 44, 492 N.E.2d 867, although it should be noted that the provision in question in *Cohen* was a client-ownership provision, and concerns a provision found in an *employment manual* as opposed to a *contractual* provision. However, *Cohen* did cite *Toth* for the proposition that continued employment alone does not constitute consideration, and *Bryan* in turn, cites *Cohen* for this proposition.

port an employment agreement containing a non-competition clause. Yet *Prinz* held that continued employment is not sufficient consideration while *Copeco* held that continued employment is sufficient consideration. It is unfathomable to this court how the Ohio Supreme Court cannot see a conflict, especially considering that counsel herein, and probably all over Ohio, continue to cite these cases as authority for obviously conflicting positions." *Id.*, 65 Ohio Misc.2d at 38, 640 N.E.2d at 919.

Research has revealed one case out of this court wherein this court stated as follows:

" * * * In the present case, the referee did not find a valid enforceable noncompetition agreement, due to her finding that there was no consideration for the 1985 covenant * * *.

" * * * This court will not address appellant's contention in light of our finding, contrary to the referee's finding, that there was consideration for the 1985 covenant. *Specifically, the consideration for the 1985 covenant included appellant's continued employment of appellee. * * *"* (Emphasis added.) *OGIA/Rogers Agency, Inc. v. Estep* (Nov. 6, 1990), Franklin App. No. 90AP–313, unreported, 1990 WL 174100.

Given the conflicting case law, this court finds that the reasoning set forth in *Copeco, supra,* is the better approach in a case such as this. The *Copeco* court noted as follows:

"As a practical matter every day is a new day for both employer and employee in an at-will relationship. As stated *supra,* we see no substantive difference between the promise of employment upon initial hire and the promise of continued employment subsequent to 'day one.'" *Id.,* 91 Ohio App.3d at 478, 632 N.E.2d at 1301.

This court also finds persuasive the practical concerns as expressed by the Second District Court of Appeals in *Trugreen LP v. Richwine* (June 29, 1994), Clark App. No. 3098, unreported, 1994 WL 312937:

" * * * The distinction between an indefinite promise of employment made when an employee is initially hired and an indefinite promise of employment to an existing employee seems artificial to us. It would either permit the employer who finds itself in legitimate need of covenants not to compete from certain of its employees to fire them all and then require them, as a condition of being re-hired, to execute covenants not to compete * * *. We doubt that an employee who would be fired so that he could be replaced with an employee who could properly be required to execute a legitimate covenant not to compete as a condition of his initial hire would appreciate the benevolent paternalism implicit in preventing the

employer from simply requiring the existing employee to execute a covenant not to compete as a condition of his continuing employment."

Appellee argues that this court should follow *Cohen, supra,* wherein the court found that mere continuation of employment, without additional consideration, was insufficient to support the client-ownership provision of an employment manual. However, the *Cohen* decision was based in part on *Rhoades v. Rhoades* (1974), 40 Ohio App.2d 559, 69 O.O.2d 488, 321 N.E.2d 242, which stated as follows:

"[N]either the promise to do a thing, nor the actual doing of it will constitute a sufficient consideration to support a contract *if it is merely a thing which the party is already bound to do,* either by law or a subsisting contract with the other party. * * *" (Emphasis added.) *Id.* at 562, 69 O.O.2d at 490, 321 N.E.2d at 245.

This court would note that an employer is *not* legally bound to continue an at-will employee's term of employment. Thus, this court finds the reasoning set forth in *Copeco* and *Trugreen, supra,* to be more persuasive, and we find that continued employment alone constitutes consideration. For all of the above reasons, appellant's first assignment of error is sustained.

 However, our analysis does not end there. The fact that a covenant not to compete is supported by consideration and is deemed valid, does not necessitate a finding that it is reasonable and enforceable. As noted by the Ohio Supreme Court:

"1. A covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interests. (Paragraphs two and three of the syllabus in *Extine v. Williamson Midwest* [1964], 176 Ohio St. 403 [27 O.O.2d 375, 200 N.E.2d 297], overruled.)

"2. A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public." *Raimonde v. Van Vlerah* (1975), 42 Ohio St.2d 21, 71 O.O.2d 12, 325 N.E.2d 544, paragraphs one and two of the syllabus; see, also, *Watters; Rogers, supra.*

Given that we are reversing and remanding this case to the trial court, we find that issues as to the reasonableness of this covenant not to compete must be resolved. On remand, the trial court shall determine whether this covenant not to compete was reasonable and, therefore, enforceable. The trial court may also find helpful those factors which the Ohio Supreme Court considered in order to fashion a reasonable covenant between the parties in *Raimonde, supra.*

This court finds that appellant's second assignment of error has been rendered moot by our ruling on the first assignment of error. App.R. 12(A). Clearly, on remand, the appellant will have the opportunity to conduct discovery and to present his claim for damages based on his allegations that appellee misappropriated appellant's trade secrets.

Accordingly, the first assignment of error is sustained, the second assignment of error is moot, and this matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE, P.J., and DESHLER, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.