DECISION AND JUDGMENT ENTRY
Douglas and Selina Thompson, dba The Computer Store, filed suit against their former employee, Steven M. Clough, for breach of a non-compete agreement, and against their client, Chevron Chemical Company, LLC, for influencing or encouraging Clough to breach the non-compete agreement. The Washington County Court of Common Pleas granted summary judgment in favor of Clough and Chevron, finding that the non-compete agreement was invalid because The Computer Store did not provide consideration for the agreement. The Computer Store appeals, alleging that the evidence, when construed in a light most favorable to it, shows that it gave consideration for the agreement. Because we find that even when construing the facts in the light most favorable to The Computer Store, no reasonable person could conclude that Clough received any tangible benefit for signing the agreement, we agree that the agreement is invalid for want of consideration. Accordingly, we affirm the judgment of the trial court.
 I.
The parties do not dispute the following facts. The Thompsons own The Computer Store, a Marietta business that performs computer services both in its own office and on-site at various local companies. The Computer Store hired Clough as a computer technician in 1996. During his employment, Clough repaired computers both on The Computer Store's premises and on-site for several of The Computer Store's clients.
On September 21, 1998, The Computer Store sent Clough to work on-site at Chevron. On January 26, 1999, The Computer Store presented Clough with a non-compete agreement ("the agreement"), and asked him to read and sign it. When Clough asked what would happen if he did not sign the agreement, Selina Thompson replied that The Computer Store would remove Clough from Chevron and send another store employee to that site. The Computer Store did not offer to pay Clough to sign the agreement, nor did it require him to sign the agreement in order to keep his job or current rate of pay. Nonetheless, Clough signed the agreement.
The Computer Store contends that it then sent another employee to Chevron to train for Clough's position in preparation for bringing Clough back to The Computer Store. Shortly thereafter, Clough resigned from his job at The Computer Store.[1] A few weeks later, on March 8, 1999, Clough began working for Quantum Resources. Quantum Resources outsourced Clough to Chevron.
The Computer Store sued Clough to enforce the agreement. In addition, The Computer Store sued Chevron, asserting that Chevron influenced or enticed Clough to breach the agreement. Clough and Chevron moved for summary judgment. The trial court found that The Computer Store did not give Clough a promise of continued employment, monetary payment, or any change in the terms and conditions of his employment in exchange for his assent to the agreement. Consequently, the trial court concluded that there was no consideration for the agreement, and ruled that the agreement was invalid and unenforceable. The trial court entered summary judgment in favor of Clough and Chevron.
The Computer Store filed its notice of appeal on March 7, 2000. The Computer Store advances the following assignments of error in its brief:
That the summary judgment granted * * * in favor of Defendant, Steven M. Clough, was in error and should be reversed because there was consideration given to Defendant, Steven M. Clough, to support the non-compete agreement he signed with Plaintiff.
That since the non-compete agreement signed by Defendant, Steven M. Clough, was supported by consideration * * * [the] grant of summary judgment in favor of Defendant, Chevron Chemical Company, was error and should be reversed.
 II.
In both of its assignments of error, The Computer Store contends that the trial court erred in concluding that it did not offer consideration for the agreement. Since both of The Computer Store's assignments of error turn on this conclusion, we address them together.
Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). See Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146; Morehead v. Conley (1991),75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535.
It is a fundamental principle of contract law that mutual consideration is necessary to support a contract. Canter v. Tucker (1996),110 Ohio App.3d 421, 423, citing Chrysalis Health Care, Inc. v. Brooks
(1994), 65 Ohio Misc.2d 32. Thus, in order to create a valid non-compete agreement both the employer and the employee must give consideration.Id.
Several Ohio courts have held that a non-compete agreement that is not supported by new consideration beyond a promise of continued employment, such as an increase in salary, a promotion, or any additional change in the terms and conditions of employment, must fail for want of consideration. See Prinz Office Equip. Co. v. Pesko (Jan. 31, 1990), Summit App. No. 14155, unreported; Apronstrings, Inc. v. Tomaric (Aug. 7, 1987), Lake App. No. 11-272, unreported; Toledo Clutch BrakeService, Inc. v. Childers (Feb. 28, 1986), Lucas App. No. L-85-069, unreported; Morgan Lumber Sales Co. v. Toth (1974), 41 Ohio Misc. 17,19. Other Ohio courts have held that, when an at-will employee is faced with losing his job, continued employment alone constitutes sufficient consideration to support a non-compete agreement. Canter, supra; Copeco,Inc. v. Caley (1994), 69 Ohio St.3d 79; Nichols v. Waterfield FinancialCorp. (1989), 62 Ohio App.3d 717; Willis v. Maynard (Jan. 18, 2000), Clermont App. No. 99-05-047, unreported; Financial Dimensions, Inc. v.Zifer (Dec. 10, 1999), Hamilton App. Nos. C-980960 and C-980993, unreported. However, regardless of whether they consider continued employment to be sufficient consideration, Ohio courts agree that consideration must require the employer to do something more than that which he was already obligated to do. See Morgan at 19; Canter at 426.
The Computer Store admits that it offered Clough continued employment regardless of whether he signed the agreement. However, The Computer Store contends that it provided Clough with consideration by allowing Clough to remain at the Chevron site in exchange for Clough signing the agreement. Additionally, The Computer Store contends that it did, in fact, change the terms and conditions of Clough's employment by sending another employee to Chevron to train for Clough's position.
As Chevron points out in its brief, Clough did not receive any tangible benefit from signing the agreement and remaining at Chevron. The Computer Store did not threaten to fire Clough if he did not sign the agreement, and thus his continued employment did not operate as consideration. Clough's job title, duties, and rate of pay remained constant regardless of whether he worked at Chevron, at The Computer Store home office, or at another location. The Computer Store did not present any evidence that the Chevron site carried advantages over another work site. Thus, Clough's continued assignment to the Chevron site did not operate as consideration. Additionally, even if assignment to the Chevron site could constitute consideration, Clough's work history reveals that The Computer Store sent Clough to a number of different locations during his employment, and never guaranteed Clough that he would remain at Chevron. In fact, even though Clough signed the non-compete agreement, The Computer Store sent another employee to Chevron to be trained in preparation for bringing Clough back to The Computer Store.
We find that, even when construing the facts in the light most favorable to The Computer Store, no reasonable person could conclude that The Computer Store gave Clough consideration for the agreement. Accordingly, we overrule The Computer Store's assignments of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, J.: Concurs in Judgment and Opinion. Harsha, J.: Concurs in Judgment Only.
 _______________________________ Roger L. Kline, Judge
[1] Clough and Chevron contend that Clough resigned before The Computer Store sent a replacement to Chevron for training. However, for purposes of summary judgment, we accept The Computer Store's version of events as accurate.