JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from the order of the trial court denying Appellant Swagelok Company's ("Swagelok") Motion for Preliminary Injunction in an action against its former employee, Michael Young ("Young"). Swagelok alleges that the trial court erred in refusing to enforce a covenant not to compete against Young. Swagelok contends that the court erred in determining that the promise of continued employment in exchange for Young's acceptance of the restrictive covenant constitutes sufficient consideration to enforce the agreement. We agree. For the reasons set forth below, we reverse the finding of the trial court and remand for further proceedings consistent with this opinion.
{¶ 2} The facts of this case are undisputed. Swagelok manufactures and markets industrial tube fittings, valves and related products. Swagelok hired Young and he began work as a sales training manager on December 19, 1994. On August 6, 1998, Swagelok presented Young with an Employee Agreement that contained a non-compete clause. Swagelok promised Young continued at-will employment with the company in exchange for his assent to the Employee Agreement. The agreement states, in relevant part:
 {¶ 3} In consideration of my employment by Swagelok or by any of its existing or future related companies, subsidiaries or any other company within the Swagelok organization (hereafter collectively called the "Company") and for the salary and wages to be paid to me by the company during my employment, I hereby agree as follows * * *.
{¶ 4} * * *
 {¶ 5} 9. I hereby acknowledge my awareness that during the term of my employment I may have access to certain procedures, business philosophies and marketing strategies that are proprietary to the Company and are a valuable asset to the Company. Therefore, during my employment hereunder and during the one-year period after termination of employment for any cause whatsoever, I will not, either on my own behalf or as an employee, agent or representative of any person or corporation, engage, directly or indirectly, in any segment of any business if that segment is competitive with the segments of the business of the Company with which I have been associated. The term "business of the company" as used in this paragraph means and includes the business in which the Company is engaged on this date and any other or additional business in which it engages hereafter during the term of my employment.
 {¶ 6} For purposes of the Agreement, the Company shall be deemed to be in the above business only in those geographic areas where it is conducting said business.
 {¶ 7} It is agreed that the restriction contained in this Paragraph 9 shall not act to prohibit the engagement of the undersigned in any capacity by any party, including present customers of the Company, providing the business of the Company is merely as an incident to said party's primary business.
 {¶ 8} 10. That my employment with the Company is for no specific term or length of time and that I am an "employee at-will," meaning that either I or the Company may terminate my employment at any time with or without notice and with or without any reason or cause. Neither I nor the Company is required to provide any reason for termination in the event of the termination of my employment. I also understand and agree that any statements, or promises, or representations made to me concerning the length or term of employment or my status as an employee other than as an employee-at-will which conflict or otherwise modify the terms of this paragraph are considered null and void and that the terms of this paragraph supersede any promises, representations or agreements made prior to the execution of this agreement. [Emphasis added.]
{¶ 9} The parties agree that the sole underlying consideration for this clause was Young's continued at-will employment.
{¶ 10} On January 31, 2000 Swagelok terminated Young. Thereafter, Young began working for one of Swagelok's direct competitors. Swagelok asserts that Young's new employment violated the non-compete clause contained in the Employment Agreement.
{¶ 11} Swagelok filed a Motion for Injunctive Relief seeking to enforce the restrictive covenant. In its Motion, Swagelok argued that the promise of continued employment was sufficient consideration to enforce the non-compete clause against Young. The trial court denied Swagelok's motion. It is from this ruling that Swagelok now appeals. Swagelok's sole assignment of error states:
 I. {¶ 12} THE TRIAL COURT ERRED IN DENYING APPELLANT SWAGELOK COMPANY'S REQUEST FOR INJUNCTIVE RELIEF TO PRECLUDE THE DEFENDANT MICHAEL YOUNG FROM VIOLATING A NONCOMPETITION AGREEMENT, BASED ON ITS DETERMINATION THAT CONTINUED EMPLOYMENT DOES NOT CONSTITUTE SUFFICIENT CONSIDERATION TO UPHOLD SUCH AN AGREEMENT.
{¶ 13} The issue of whether to grant or deny an injunction is a matter solely within the discretion of the trial court and a reviewing court should not disturb the judgment of the trial court in the absence of an abuse of discretion. Garono v. State (1988), 37 Ohio St.3d 171,173, 524 N.E.2d 496, 498. When applying this standard of review, an appellate court must not substitute its judgment for that of the trial court. State v. Reiner (2001), 93 Ohio St.3d 601, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Rather, reversal on appeal is warranted only when the trial court has exercised its discretion unreasonably, arbitrarily, or unconscionably. Id., citingState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
{¶ 14} In determining whether to grant a preliminary injunction, a trial court must consider whether (1) there is a substantial likelihood that the movant will prevail on the merits, (2) the movant will suffer irreparable injury if the injunction is not granted, (3) third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by granting the injunction. Vanguard Transp. Sys., Inc. v. Edwards Transfer StorageCo. (1996), 109 Ohio App.3d 786, 673 N.E.2d 182. However, no one factor is dispositive. Willis v. Maynard (Jan. 18, 2000), Clermont App. No. 99-05-047, citing Cleveland v. Cleveland Elec. Illum. Co. (1996),115 Ohio App.3d 1, 14, 684 N.E.2d 343.
{¶ 15} In the case at hand, the trial court abused its discretion when it failed to expressly consider all of the above factors in denying injunctive relief, particularly whether Swagelok would suffer irreparable injury if the injunction were not granted. The trial court addressed at great length the issue of whether continued employment alone constitutes sufficient consideration to uphold a noncompetition agreement. From this analysis, we presume that the trial court determined that Swagelok did not have a substantial likelihood of prevailing on the merits. However, the trial court was also required to consider whether Swagelok would suffer irreparable injury if the injunction were not granted. Additionally, the trial court was required to consider whether third parties would be unjustifiably harmed and/or the public interest would be served if the injunction were granted.[1]
{¶ 16} Both parties agree that the thrust of the underlying dispute is whether continued at-will employment alone is sufficient consideration to uphold a non-compete clause of an employment agreement.
{¶ 17} Young contends that the covenant not to compete is unenforceable because he was given no consideration other than the promise of continued employment in exchange for his assent to the agreement which contained the restrictive clause.
{¶ 18} It is axiomatic that mutual consideration is necessary to support a contract. Chrysalis Health Care, Inc. v. Brooks (1994),65 Ohio Misc.2d 32, 640 N.E.2d 915. Generally, courts will not inquire into the adequacy of consideration. Rogers v. Runfola Associates, Inc. (1991), 57 Ohio St.3d 5, 565 N.E.2d 540. Therefore, the issue here is whether the post-hire promise of continued employment alone constitutes sufficient consideration to enforce a non-compete clause in an employment agreement.
{¶ 19} The Ohio Supreme Court has specifically declined to address whether continued employment constitutes sufficient consideration to support a post-hire covenant not to compete, despite an apparent conflict among Ohio districts. The Fifth Appellate District, in Copeco, Inc. v.Caley (1992), 91 Ohio App.3d 474, 632 N.E.2d 1299 held that an employment agreement containing a covenant not to compete was supported by sufficient consideration where the employees risked being fired if they did not sign the agreement. Acknowledging a conflict between its decision and the Ninth Appellate District's ruling in Prinz Office Equip. Co. v.Pesko (Jan. 31, 1990), Summit App. No. CA-14155, the Fifth District certified the conflict to the Supreme Court in Copeco, Inc. v. Caley
(1994), 69 Ohio St.3d 79; 630 N.E.2d 662. The Supreme Court dismissed the appeal stating that the judgments were not in conflict. Id. As a result of the Supreme Court's refusal to rule on the issue, two lines of authority regarding this issue have emerged in Ohio's appellate districts.
{¶ 20} This court has held that the promise of continued employment is sufficient consideration to uphold a non-compete agreement. Cole Nat. Corp. v. Koos (Dec. 22, 1994), Cuyahoga App. No. 66760, and H.R. Graphics v. Lake-Perry (Jan. 30, 1997), Cuyahoga App. No. 70696. However, because both Cole and H.R. Graphics involved consideration in addition to continued employment, this court did not address at length the issue of continued at-will employment as the sole consideration for the agreement. We choose to consider the issue in greater detail and analyze it in the context of the case sub judice.
{¶ 21} Some districts have held that the promise of continued employment is insufficient consideration to uphold a covenant not to compete in an employment agreement entered into after the commencement of the employment relationship. Prinz, supra. (Ninth District);[2]Apronstrings, Inc. v. Tomaric (Aug. 7, 1987), Lake App. No. 11-272 (Eleventh District); and Toledo Clutch Brake Serv. v. Childers (Feb. 28, 1986), Lucas App. No. L-85-069, (Sixth District). Courts rendering decisions holding that continued at-will employment is insufficient consideration reason that restrictive covenants are the result of unequal bargaining positions between employers and employees, and as such require something more than the promise of continued at-will employment (e.g. a salary increase, bonus or promotion). Prinz, supra., citing Morgan LumberSales Co. v. Toth (1974), 41 Ohio Misc. 17, 3213 N.E.2d 907 (Tenth District).[3]
{¶ 22} However, the majority of districts have found that continued employment does constitute sufficient consideration to enforce a covenant not to compete which was entered into after the employment relationship commenced. Willis v. Maynard (Jan. 18, 2000), Clermont App. No. 99-05-047, (Twelfth District)[4]; Financial Dimensions, Inc. v.Zifer (Dec. 10, 1999), Hamilton App. Nos. C-980960 and C-980993, (First District); Sash v. Thompson (June 17, 1998), Allen App. No. 1-98-06, (Third District); Bruner-Cox v. Dimengo (Feb. 12, 1997), Summit App. No. 17732, (Ninth District); Canter v. Tucker (1996), 110 Ohio App.3d 421,674 N.E.2d 727 (Tenth District); Trugreen LP v. Richwine (June 29, 1994), Clark App. No. 3098, (Second District); Copeco, supra.[5] (Fifth District); Nichols v. Waterfield (1989) 62 Ohio App.3d 717; 577 N.E.2d 422
(Ninth District); O'Brien v. Production Engineering Sales Co. (Jan. 8, 1988), Montgomery App. No. 10417, (Second District). The Fourth District Court of Appeals did not specifically address the issue of whether continued at-will employment alone constitutes sufficient consideration in Thompson v. Clough (Mar. 28, 2001), Washington App. No. 00CA8, noting that the corporation offered the employee continued employment regardless of whether he signed the agreement. Lastly, the Seventh District Court of Appeals has not yet addressed the issue. Interestingly, but not surprisingly, support for this proposition exists in Ohio's federal courts. Pertz v. DeBartolo Corp., 188 F.3d 508, (6th Circ. 1999) (on appeal from N.D. Ohio), Avery Dennison Corp. v. Kitsonas, (S.D.Ohio 2000), 118 F. Supp.2d 848.
{¶ 23} In Copeco, supra, the employee was presented with an employment agreement containing a non-compete clause a few days after he was hired. The employee understood that the failure to sign the agreement would result in his termination. After weighing conflicting case law, the Copeco court held that continued employment was sufficient consideration to enforce the agreement, noting:
 {¶ 24} * * * As a practical matter every day is a new day for both employer and employee in an at-will relationship. As stated supra, we see no substantive difference between the promise of employment upon initial hire and the promise of continued employment subsequent to `day one.'
{¶ 25} Id. at 425.
{¶ 26} In Canter, supra, an employee was presented with a noncompete agreement two years after she was hired. When that employee began her own competing business, she was terminated from her company. She alleged that there was insufficient consideration to uphold the non-compete clause contained in her employment agreement. The Canter
court disagreed. It, too, reviewed the conflicting case law and followed the reasoning set forth in Copeco. In response to the argument that insufficient consideration existed because the employer was not required to do anything "which it was not already bound to do," the court stated, "This court would note that an employer is not legally bound to continue an at-will employee's term of employment." Id. at 426.
{¶ 27} We agree with the majority of Ohio districts that have held that continued employment constitutes sufficient consideration to uphold a non-compete agreement that was entered into after the commencement of the employment relationship.
{¶ 28} Moreover, while we are not bound by it, we find particularly persuasive the reasoning outlined in Trugreen, supra:
 {¶ 29} * * * The distinction between an indefinite promise of employment made when an employee is initially hired and indefinite promise of employment to an existing employee seems artificial to us. It would either permit the employer who finds itself in legitimate need of covenants not to compete from certain of its employees to fire them all and then require them, as a condition of being re-hired, to execute covenants not to compete, or, worse yet, it would require the employee to fire those employees and inform them that as much as it would like to re-hire them, it is forced to hire new employees to replace them, so that it may obtain covenants not to compete that are reasonably related to its legitimate business needs. We doubt that an employee would be fired so that he could be replaced with an employee who could properly be required to execute a legitimate covenant not to compete as a condition of his initial hire would appreciate the benevolent paternalism implicit in preventing the employer from simply requiring the existing employee to execute a covenant not to compete as a condition of his employment. [Emphasis added.]
{¶ 30} Id. at 7.
{¶ 31} In his brief, Young relies on this court's holding in CohenCo., CPA's v. Messina (1985), 24 Ohio App.3d 22, 492 N.E.2d 867. However, Cohen is distinguishable from this case, and as such, his reliance is misplaced. In Cohen, a personnel manual contained, interalia, a "client ownership" provision which prohibited employees from soliciting the firm's clients after termination. The manual was merely distributed to the employee two years after he began working for the firm. However, this personnel manual was unilateral in nature; the employee did not assent to the new terms of his employment in exchange for his continued at-will employment with the company. In the instant case, Young was required to expressly assent to the non-compete clause of his employment agreement by signing the document in order to remain employed by Swagelok. Young was not merely notified of the altered terms of employment as in Cohen.
{¶ 32} We find that continued at-will employment constitutes sufficient consideration to uphold a post-employment non-compete clause contained within an employment agreement. Whether an employee assents to a restrictive covenant prior to or after the commencement of employment does not change the nature of an at-will employment relationship. In either case, both the employer and employee are free to terminate the relationship.
{¶ 33} Our holding does not change the fact that in order to be enforceable, a noncompetition clause must be reasonable. Raimonde v. VanVlerah (1975), 42 Ohio St.2d 21, 325 N.E.2d 544. A non-competition clause is reasonable if the restraint is no greater than necessary for the protection of the employer, does not place undue hardship on the employee, and is not public. Id.
{¶ 34} As such, the decision of the trial court is reversed and this matter is remanded to determine whether the non-compete clause of the employment agreement is reasonable pursuant to Raimonde.
Judgment reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS. DIANE KARPINSKI, P.J., DISSENTS (SEEATTACHED DISSENTING OPINION)
[1] While the trial court engaged in an analysis balancing the competing interests of employers, employees and the general public, it did not do so in the context of considering whether to grant the injunction. Rather, the court engaged in the analysis to determine whether or not continued employment should constitute sufficient consideration to uphold a non-compete clause in an employment agreement.
[2] The Ninth District appears to have a conflict within its district. In its most recent case, it held that continued at-will employment was
sufficient consideration to support a covenant not to compete. Bruner-Coxv. Dimengo (Feb. 12, 1997), Summit App. No. 17732, citing Nichols v.Waterfield Financial Corp. (1989), 62 Ohio App.3d 717, 577 N.E.2d 422 and making no reference to the Prinz decision.
[3] Twenty-two years after its decision in Morgan Lumber, the Tenth District held that continued at-will employment does constitute sufficient consideration to enforce a covenant not to compete in Canterv. Tucker (1996), 110 Ohio App.3d 421, 674 N.E.2d 727.
[4] The Willis decision was rendered five years after the Twelfth District's opinion in Tri-County Tree and Turf v. Busse (Dec. 11, 1995), Warren App. No. CA95-02-013, in which that court had held that continued employment did not constitute sufficient consideration.
[5] The Copeco court impliedly overruled its decision in Burnhamv. Digman (July 21, 1986), Licking App. No. CA-3185.