{¶ 1} I respectfully dissent. The majority holds that a covenant-not-to-compete agreement signed by an employee after his or her initial hire is invalid if the agreement is solely supported by the employer's promise of continued employment. As I find that an employer's promise of continued employment is adequate consideration, I would sustain Appellant's sole assignment of error.
{¶ 2} To hold that an employer's promise of continued employment is not adequate consideration to support a covenant-not-to-compete agreement completely erodes the concept of at-will employment. Specifically, a distinction does not lie between an indefinite promise of employment made when an employee is initially hired and an indefinite promise of employment to an existing employee. Trugreen v. Richwine (June 29, 1994), 2nd Dist. No. 3098. See, also, Copeco, Inc. v. Caley (1992),91 Ohio App.3d 474, 478 (writing "[a]s a practical matter every day is a new day for both employer and employee in an at-will relationship"). Moreover, an employer is not legally bound to retain an at-will employee indefinitely; therefore, it follows that an employer's promise to an existing employee to continue employment is consideration. See SwagelokCo. v. Young, 8th Dist. No. 78976, 2002-Ohio-3416, at ¶ 25, citingCanter v. Tucker (1996), 110 Ohio App.3d 421, 426. See, also, Harold v.Bridgestone/Firestone, Inc. (Sept. 16, 1998), 9th Dist. No. 18915, at 15 (asserting the basic tenet underlying an at-will employment agreement is that "[e]ither party to [the] agreement may terminate the relationship at any time").
{¶ 3} As either party can easily terminate the at-will employment agreement, employers who find a legitimate need for a covenant-not-to-compete agreement will simply terminate its employees and require these employees to execute a covenant-not-to-compete agreement as a condition of being re-hired. In this situation, the agreement would be enforceable because the employer's promise to employ the employee would constitute consideration. See Custom Fountains v. Bryant (July 18, 1994), 12th Dist. No. CA93-12-097 (declaring that employer's promise of employment is sufficient consideration to support a covenant-not-to-compete agreement when the agreement and employment relationship were entered into contemporaneously). This requires both employers and employees to jump through unnecessary hoops to alter the factual pattern to create a situation where the covenant-not-to-compete agreement and employment relationship are entered into contemporaneously. Despite the show that is performed by the employer and the employee, the end result is identical to the result in the present case: the employer continues to employ the employee and the employee has signed a covenant-not-to-compete agreement. Finally, requiring employers and employees to jump through these unnecessary hoops may disrupt a congenial working relationship between employer and employee.
{¶ 4} Therefore, I find that an at-will employee's continued employment is sufficient consideration to support a covenant-not-to-compete agreement executed subsequent to the initial hire. Canter, 110 Ohio App.3d at 426 (stating that continued employment is adequate consideration for covenant-not-to-compete amendment to employment contract); Swagelok Co. at ¶ 30 (finding that "continued at-will employment constitutes sufficient consideration to uphold a post-employment non-compete clause"); Cole Natl. Corp. v. Koos (Dec. 22, 1994), 8th Dist. No. 66760 (holding that continued employment serves as sufficient consideration to support a non-compete agreement). See, also,Copeco, Inc. v. Caley, 91 Ohio App.3d at 477-78. For the foregoing reasons, I would reverse and remand.