OPINION
Appellant, Long Business Systems, Incorporated, appeals from the March 6, 2001 judgment entry of the Lake County Court of Common Pleas granting summary judgment in favor of appellees, Aaron Bable ("Bable") and Core Systems, LLC ("Core").
In September 1997, Bable was interviewed by Terry Prasher ("Prasher"), the vice president of appellant, for a position as a computer consultant. On or about September 11, 1997, appellant sent Bable an offer letter. The offer letter stipulated his salary, his insurance provider, his vacation time, and his duties. The second sentence of the offer letter stated that "[a]ttached is an employment contract we wish you to review, sign and return." Whether a copy of the employment contract ("the contract") was enclosed with the letter is a disputed fact. The contract itself consisted of boilerplate language with blanks for the date and the name of the employee. A non-compete covenant was included as one of the clauses of the contract.[1]
Bable began working for appellant in October 1997. In June 1998, appellant discovered that Bable had never executed the contract. There was testimony that Bable was informed that he risked termination if he did not execute the contract. At that point, Bable signed the contract.
In March 1999, Bable informed appellant that he intended to accept a position with Core. Prior to that time, Bable had been assigned to work as a consultant to Core as part of his duties as an employee of appellant.
On July 27, 1999, appellant filed a complaint against Bable, his brother Matthew Bable and Core, alleging that (1) Bable breached his contract, (2) Bable intentionally and maliciously interfered with the business relationship between appellant and Core, (3) Core intentionally and maliciously induced Bable to breach his contract, and (4) Matthew Bable breached his employment contract with Core.
Bable and Core jointly filed a motion for judgment on the pleadings on September 24, 1999. The trial court overruled the motion in a December 3, 1999 judgment entry. On August 4, 2000, Bable and Core jointly filed a motion for summary judgment. Appellant filed a reply. The trial court granted appellees' motion in a March 7, 2001 judgment entry.
Appellant has filed a timely appeal and makes the following assignments of error:
 "1. The trial court erred as a matter of law when it granted summary judgment to appellee and found that a dispute existed as to a material fact: i.e., whether [Bable] was presented with a copy of a non-compete agreement at the time he accepted appellant's offer of employment.
 "2. The trial court erred as a matter of law when it granted summary judgment to [Bable] and found that a dispute existed as to a material fact: i.e., whether the signing of the non-compete agreement was a pre-condition to his employment.
 "3. The trial court erred as a matter of law when it found that appellant's claim for breach of contract regarding the non-compete agreement failed for want of consideration at the time [Bable] executed the non-compete agreement.
 "4. The trial court erred as a matter of law when it found no contractual provision barring [Bable's] employment with Core and therefore granted summary judgment to [Core] as to appellant's claim for intentional interference with a contractual relationship."
We review a grant of summary judgment de novo. Jim Brown Chevrolet v.S.R. Snodgrass, A.C. (2001), 141 Ohio App.3d 583, 586. The record is evaluated in a light most favorable to the nonmoving party, and if reasonable minds could find for the party opposing the motion, the trial court decision must be overruled. Id.
We will address appellant's third assignment of error first. In his third assignment of error, appellant contends that if one accepts its version of the facts, Bable assented to the terms of the contract prior to commencing employment with appellant; therefore, his employment with appellant constituted consideration for his execution of the contract. However, even accepting appellees' assertion that Bable did not assent to the terms of the contract until eight months after accepting employment with appellant, Bable's continued employment with appellant constituted sufficient consideration to make the contract enforceable.
The recent trend in Ohio is to treat the continued employment of an at-will employee as consideration for changes to the terms and conditions under which the employee is employed. In holding that continued employment was sufficient consideration to support a covenant not to compete signed by at-will employees, the Fifth Appellate District stated that "* * * [a]s a practical matter every day is a new day for both employer and employee in an at-will relationship. * * * [W]e see no substantive difference between the promise of employment upon initial hire and the promise of continued employment subsequent to `day one.'"Copeco, Inc. v. Caley (1992), 91 Ohio App.3d 474, 478.
The Second Appellate District adopted similar logic in Trugreen, Ltd.Partnership v. Richwine (June 29, 1994), Clark App. No. 3098, unreported, 1994 WL 312937, at 3, stating:
 "The distinction between an indefinite promise of employment made when an employee is initially hired and an indefinite promise of employment to an existing employee seems artificial to us. It would either permit the employer who finds itself in legitimate need of covenants not to compete from certain of its employees to fire them all and then require them, as a condition of being re-hired, to execute covenants not to compete, or worse yet, it would require the employer to fire those employees and inform them that as much as it would like to re-hire them, it is forced to hire new employees to replace them, so that it may obtain covenants not to compete that are reasonably related to its legitimate business needs. We doubt that an employee who would be fired so that he could be replaced with an employee who could properly be required to execute a legitimate covenant not to compete as a condition of his initial hire would appreciate the benevolent paternalism implicit in preventing the employer from simply requiring the existing employee to execute a covenant not to compete as a condition of his continuing employment."
In concluding that continued employment constitutes sufficient consideration to support a covenant not to compete, the Tenth Appellate District cited Copeco in Canter v. Tucker (1996), 110 Ohio App.3d 421,424-425. The First and Twelfth Appellate Districts have also held that continued employment of an at-will employee constitutes sufficient consideration to support a restrictive covenant. Financial Dimensions,Inc. v. Zifer (Dec. 10, 1999), Hamilton App. Nos. C-980960 and C-980993, unreported, 1999 WL 1127292, at 4; Willis Refrigeration, Air Conditioning Heating, Inc. v. Maynard (Jan. 18, 2000), Clermont App. No. CA99-05-047, unreported, 2000 WL 36102, at 6.
Appellee relies on Prinz Office Equip. Co. v. Pesko (Jan. 31, 1990), Summit App. No. 14155, unreported, 1990 WL 7996, at 5, for the proposition that continued employment does not constitute valid consideration for a covenant not to compete. However, the Ninth District has addressed this issue more recently and reached the opposite conclusion that "continued employment was sufficient consideration to support [a] covenant not to compete * * *." Bruner-Cox v. Dimengo (Feb. 12, 1997), Summit App. No. 17732, unreported, 1997 WL 72095, at 3.
This court has held previously that an employer must provide some consideration beyond continued employment for a covenant not to compete to be enforceable. Apronstrings, Inc. v. Tomaric (Aug. 7, 1987), Lake App. No. 11-272, unreported, 1987 WL 15445, at 2. In that case, the appellant was a home cleaning and janitorial service company and the appellee was employed by the appellant to clean homes. Given that set of facts and circumstances, we noted that covenants of noncompetition are frequently the result of unequal bargaining power. Id. However, in the instant matter, appellee was a computer consultant and significantly more sophisticated than the appellee in Apronstrings.
Further, in Paglia v. Heinbaugh (Feb. 25, 1994), Trumbull App. No. 93-T-4838, unreported, 1994 WL 110892, at 3, we cited O'Brien v. Prod.Eng. Sales Co. (Jan. 8, 1988), Montgomery App. No. 10417, unreported, 1988 WL 2436, for the concept that an employee's employment is sufficient consideration to modify an at-will employment contract. With respect to the instant matter, Bable testified at his deposition that Prasher implied he would be terminated if he did not sign the employment contract. Based on current trends in Ohio employment law as elucidated in the foregoing cases and Bable's relative sophistication, we hold that reasonable minds could find that Bable's continued employment was sufficient consideration for his execution of the employment agreement and that the employment agreement was an enforceable contract; therefore, the trial court's grant of summary judgment on this issue must be overruled.
Because reasonable minds could find that Bable's continued employment constituted adequate consideration for his signing of the employment agreement, appellant's third assignment of error is well-taken.
Appellant's first and second assignment of error are moot, in view of the holding with respect to the third assignment, because the employment agreement in this case could potentially be enforceable regardless of whether Bable received a copy of the agreement before he began working for appellant and regardless of whether the execution of the agreement was a pre-condition of his employment.
In his fourth assignment of error, appellant contends that the trial court erred in finding that Bable's employment by Core was not prohibited because there was no agreement between appellant and Bable barring Bable from accepting such a position. It would be premature for this court to address that issue at this time. While reasonable minds could find that continued employment constituted sufficient consideration for Bable to execute the employment contract, the trial court must determine whether the provisions of the covenant not to compete were enforceable.
We would note that we are unable to discern from appellant's brief any challenge to the trial court's conclusion, in its March 7, 2001 judgment entry, that Bable did not interfere with appellant's business relationship with Core. The allegations that Bable intentionally and maliciously interfered with appellant's relationship with Core were contained in Count II of appellant's complaint. Because appellant has not asserted any error in connection with the trial court's resolution of Count II, the trial court's granting of summary judgment in favor of Bable on that count remains intact.
For the foregoing the reasons, the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
CHRISTLEY, J., GRENDELL, J., concur.
[1] The relevant provision of the employment agreement states: "On termination of her/his employment, whether by termination of this Agreement, by wrongful discharge, or otherwise, the Employee shall not directly or indirectly, within the existing service area of the Employer in the area of Northeastern Ohio or any other future service area of the Employer begun during employment under the terms of this Agreement, enter into or engage generally in direct competition with the Employer in the business of computer consulting either as an employee or agent for any person, or as an officer, director, or shareholder or otherwise, for a period of two (2) years after the date of termination of her/his employment hereunder."