{¶ 35} What characterizes the at-will employment relationship, whether implied or express, is that it can be terminated by the employer or employee at any time and, with or without cause. The converse is also true: at-will employees can leave their employment whenever they so desire.
{¶ 36} The law is firmly established that the initial "consideration" between the parties in the at-will setting is the fact that the employee accepts an offer to perform services in exchange for the payment of wages. Restricting future choices of employment, however, adds an entirely new dimension to this situation. There is an enormous inequity between an employer's second promise of continued future employment, which can last as little as one day after the covenant has been signed, and, in return, the employee's promise not to compete years into the future. Once employees agree to the covenant-not-to-compete, they are obliged to conform to that covenant and all of its possible restrictions, often for years after the employment ends. In light of what the veteran employee promises in a restrictive covenant, an employer's tenuous promise of continued employment is not a fair or balanced exchange. Cohen Company v. Messina (1985), 24 Ohio App.3d 22.
{¶ 37} In a published opinion, this court, faced with a restrictive covenant presented to an employee, also after employment had begun, decided that a promise of continuing employment is insufficient consideration. This court held that absent the exchange of "new" consideration by the employer the restrictive covenant is not enforceable. Cohen Co. v. Messina (1985), 24 Ohio App.3d 22. Other courts have issued decisions consistent with this court's holding in Cohen: Prinz Office Equip. Co. v. Pesko (Jan. 31, 1990), Summit App. No. 14155, 1990 Ohio App. LEXIS 367; Apronstrings, Inc. v. Tomaric (Aug. 7, 1987), Lake App. No. 11-272, 1987 Ohio App. LEXIS 8206; Toledo Clutch Brake Service, Inc. v. Childers (Feb. 28, 1986), Lucas App. No. L-85-069, 1986 Ohio App. LEXIS 5763; Morgan Lumber Sales Co. v. Toth
(C.P. 1974), 41 Ohio Misc. 17. In Cohen, supra, it was after the employee began working that the employer issued a personnel manual containing a client-ownership provision. The provision required employees to compensate the employer for any clients they took after they left its employment. This court held that the employer's promise of continuing employment did not constitute sufficient consideration to support the restrictive covenant provision. I find the facts and holding in Cohen
applicable to the case at bar. Cohen's client-ownership provision, presented after the employee had been hired, is analogous to the restrictive covenant here. Both the Cohen provision and the covenant here were presented after employment had begun and both reached into the future to restrict the employee's prospective employment.
{¶ 38} I believe the majority too easily dismisses the precedential value of Cohen, supra, as well as its analysis of the issue. The majority attempts to factually distinguish Cohen on the basis that it involved a personnel manual that the employee did not affirmatively agree to and, therefore, could not be held to have accepted. This analysis ignores the essence of the inquiry Cohen followed, namely, whether there is an exchange of consideration between parties before the employment relationship is altered. The analysis in Cohen focused on consideration:
 {¶ 39} In this case, as in Morgan Lumber, the disputed provision was not in the original contract, and, in fact, was not announced until after Messina had been employed with the company for sixteen months. Furthermore, Messina's position, duties, and the nature of the business remained exactly the same as before the manual was distributed; the employment relationship was "at will," and the company assumed no obligation it did not already have. See Morgan Lumber Sales Co. v. Toth, supra. The trial court found that continuation of Messina's employment was the only consideration the company gave him. "* * * [N]either the promise to do a thing, nor the actual doing of it will constitute a sufficient consideration to support a contract if it is merely a thing which the party is already bound to do, either by law or a subsisting contract with the other party. * * *" Rhoades v. Rhoades (1974), 40 Ohio App.2d 559, 562
[69 O.O.2d 488]. Thus, as Morgan Lumber indicates, the trial court was correct in ruling that mere continuation of employment, without additional consideration is insufficient to support the client-ownership provision as a contract. (Emphasis added).
{¶ 40} Under the majority's approach, the employer, after employment has begun, may impose a new obligation that operates after employment ceases, but gives up nothing and has no new obligation. This result fails to comport with the concept of consideration. In Cohen, the issue was payment of money; in the case at bar, it is denial of free access to future employment elsewhere. Here, the requirement of consideration is crucial if the court is being asked to deny an employee access to certain employers after he leaves employment. For the courts to enforce such a serious future restriction of an American's fundamental right requires more than an employer's illusory promise to do what it was "already bound to do," as this court in Cohen explained quite well.
{¶ 41} I disagree with the majority's reading of Thompson v.Clough (Mar. 28, 2001), Washington App. No. 00CA8, 2001 Ohio App. LEXIS 1592, when it says that the court did not address the issue of whether a promise of continued employment is sufficient consideration. To the contrary, the court in Thompson, supra, clearly stated that such a promise was not sufficient consideration for the employee's signing an agreement not to compete. The court expressly said: "[w]e find that, even when construing the facts in the light most favorable to The Computer Store, no reasonable person could conclude that The Computer Store gave Clough consideration for the agreement."
{¶ 42} In support of its position that new consideration is not necessary, the majority also erroneously cites to Cole Nat. Corp. V.Koos (Dec. 22, 1994), Cuyahoga App. No. 66760, 1994 Ohio App. LEXIS 5781, and H.R. Graphics v. Lake-Perry (Jan. 30, 1997), Cuyahoga App. No. 70696, 1997 Ohio App. LEXIS 324. In these two cases, as the majority correctly observed, this court found consideration in addition to continued employment. Because of the additional consideration, the majority cannot cite to these cases as authority for the principle that continued employment alone is sufficient for a restrictive covenant. The fact is that the only case from this court dealing with the specific issue of whether a promise of continued employment is, without more, sufficient consideration to modify the at-will status of an employee after employment has begun is Cohen, supra. Cohen, therefore, is the only correct precedent for the majority to follow.
{¶ 43} I also do not find persuasive the analysis in Trugreen LPv. Richwine (June 29, 1994), Clark App. No. 3098, 1994 Ohio App. LEXIS 2806, which the majority cites with approval. Trugreen overlooks the material requirement and definition of consideration in the formation of an enforceable contract. Trugreen prefers unsubstantiated practical considerations over the historical and legal importance of a bargained-for exchange in forming binding contractual obligations between parties. The Trugreen court, moreover, never decided the consideration question other than to send the case back to the trial court for a determination of that very issue.[1] Such dicta is less persuasive than the precedent of our own court in Cohen, which is factually on point.
{¶ 44} The majority opinion and Trugreen are both grounded in the unfounded presumption that requiring an employer to provide some additional consideration for a post-hire restrictive covenant is simply an impractical gesture which works an unnecessary hardship on the employer. To the contrary, without a requirement of additional consideration in exchange for what I believe to be substantial post-hire promises by the employee, the mutuality and freedom of at-will employment is turned on its head.
{¶ 45} As a result of the majority opinion in the case at bar, the employer is not only relieved of having to inform the prospective employee in the initial interview of what will be required of him or her after they begin employment, it also, quite unevenly, provides the employer with the benefit of post-employment restrictions on the employee for which the employer did not have to bargain or give anything in return.
{¶ 46} The practical effect of the majority decision in this case robs the at-will employee of future freedom. The majority ignores the fact that the employee, having just begun a new job and presented with a restrictive covenant, is hardly in a position to "take it or leave it." The reality is that if employees reject the post-hire covenant, only they have suffered a detriment, which is wholly inconsistent with the concepts of a bargained-for exchange and "consideration."
{¶ 47} Having to look for a different type of employment works an unfair and distinct disadvantage on the employee who now is saddled with a resume that appears to indicate employment instability. The employees are also in the unenviable position of having to explain that they are seeking a new job because they refused to sign a prior employer's agreement not to compete. Otherwise, employees would have to advise a new employer that they are limited in what customers they could seek. I sincerely doubt that a prospective employer would find the employee's prior refusal or a current limitation an appealing reason upon which to make an offer of employment. Such a handicap should be compensated with more than a nebulous promise.
{¶ 48} As a matter of law, I conclude that Young did not receive any consideration for his execution of the covenant. Therefore, the restrictive covenant is not enforceable.
{¶ 49} Finally, because the judgment rendered by the majority in this case is in obvious conflict with other districts, as noted by the majority, upon the same question and rule of law, I would urge the Ohio Supreme Court to consider the issue of whether a employer's promise of continued employment, presented to an at-will employee after employment has begun, constitutes sufficient consideration in exchange for the employee's written covenant not to compete after employment has ended.
{¶ 50} I do not believe the Ohio Supreme Court has closed the book on this issue. The majority oversimplifies the Ohio Supreme Court's explanation of its ruling denying the motion to cnertify a conflict by the Fifth District between Prinz, supra, and Copeco, Inc. v. Caley
(1992), 91 Ohio App.3d 474, 632 N.E.2d 1299. The majority explains that the Supreme Court "dismissed the appeal stating that the judgments were not in conflict." The Supreme Court, however, gave two reasons for refusing to certify a conflict, one of which is that the appellate court "did not clearly set forth the rule of law upon which the alleged conflict exists." Copeco, Inc. v. Caley (1994), 69 Ohio St.3d 79,630 N.E.2d 662. In fact, the Fifth Appellate District did not articulate any rule of law when the court certified the conflict.[2]
{¶ 51} Moreover, I do not agree with the majority in its assertion that most of the districts agree that continued employment is sufficient consideration for a covenant not to compete after employment has begun. In support of its claim, the majority opinion cites seven districts. Three districts have conflicting opinions on this issue: the Fifth, Ninth, and Twelfth.[3] Only four districts clearly support the majority's interpretation: the First, Second, Third, and Tenth. On the other hand, four districts clearly support the opposite interpretation: the Fourth, (Thompson, supra), the Sixth, (Toledo Clutch Brake ServiceV. Childers (Feb. 28, 1986), Lucas App. No. L-85-069, the Eighth, (Cohen, supra, Cole, supra, and H.R. Graphics, supra.) and the Eleventh, (Apronstrings, supra, and Etna Products, Inc. v. Stofey (Sept. 28, 1981), Geauga App. No. 953. There is no clear majority in support of either interpretation.
{¶ 52} And that is a good reason to ask the Supreme Court to consider the issue.
[1] The court held there was "a genuine issue of fact concerning when the [plaintiff] received a meaningful promise of continuing employment," because plaintiff averred that the defendant "had already made the decision to fire him when it extracted his covenant." The court further found a question of fact on whether the covenant reasonably related "to a legitimate business end."
[2] The appellate court entry reads in total as follows:
 Upon application of the defendants-appellees, the record in the above captioned case is hereby certified to the Supreme Court of Ohio for review and final determination due to a conflict between the underlying judgment in the case at hand and the judgment in Prinz Office Equipment Co. v. Pesko (January 31, 1990) Summit App. No. CA-14155, unreported.
[3] In the Fifth, Copeco, supra, conflicts with Burnham v. Digman (July 21, 1986), Licking App. No. CA-3185, in the Ninth, Prinz, supra, conflicts with Bruner-Cox v. Dimengo (Feb. 12, 1997), Summit App. No. 17732; and in the Twelfth, Willis Refrigeration, Air Conditioning Heating v. Maynard (Jan. 18, 2000), Clermont App. No. CA99-05-047 conflicts with Tri-County Tree Turf v. Busse (Dec. 11, 1995), Warren App. No. CA95-02-013.