OPINION
{¶ 1} In the fall of 2000, appellee, Karen Dechert, became employed with appellant, Moda Hair Designs, Inc., as an assistant hair stylist. In the spring of 2001, appellee became a stylist and entered into an employment agreement with appellant. Said agreement included a non-compete clause wherein appellee agreed not to work in any salon within a six mile radius for a period of one year after termination from appellant.
 {¶ 2} On February 8, 2005, appellee quit her employment. Thereafter, appellee started working for Salon Infinity, Inc., a salon located within the six mile radius.
 {¶ 3} On March 28, 2005, appellant filed a complaint against appellee seeking injunctive relief. Appellant sought to preliminarily and permanently enjoin appellee from working as a stylist within a six mile radius of appellant.
 {¶ 4} Both parties filed motions for summary judgment. A hearing was held on June 24, 2005. By judgment entries filed July 8, 2005, the trial court denied appellant's request for injunction and granted summary judgment to appellee.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED IN REFUSING TO ENFORCE THE NON-COMPETITION AGREEMENT BETWEEN APPELLANT AND APPELLEE."
 II {¶ 7} "THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 I, II {¶ 8} Appellant claims the trial court's decision in refusing to enforce the non-competition agreement between the parties was against the manifest weight of the evidence. We disagree.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 10} In Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21, paragraphs one and two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 11} "A covenant not to compete which imposes unreasonable restrictions upon an employee will be enforced to the extent necessary to protect an employer's legitimate interests. * * *
 {¶ 12} "A covenant restraining an employee from competing with his former employer upon termination of employment is reasonable if the restraint is no greater than is required for the protection of the employer, does not impose undue hardship on the employee, and is not injurious to the public."
 {¶ 13} The Raimonde court at 25, quoting Extine v.Williamson Midwest (1964), 176 Ohio St. 403, 406, held among the factors properly to be considered are:
 {¶ 14} "`(t)he absence or presence of limitations as to time and space, * * * whether the employee represents the sole contact with the customer; whether the employee is possessed with confidential information or trade secrets; whether the covenant seeks to eliminate competition which would be unfair to the employer or merely seeks to eliminate ordinary competition; whether the covenant seeks to stifle the inherent skill and experience of the employee; whether the benefit to the employer is disproportional to the detriment to the employee; whether the covenant operates as a bar to the employee's sole means of support; whether the employee's talent which the employer seeks to suppress was actually developed during the period of employment; and whether the forbidden employment is merely incidental to the main employment.'"
 {¶ 15} In denying appellant's request for injunctive relief, the trial court found the following:
 {¶ 16} "First, the Defendant was not asked to sign this document as a condition of initial employment. She was asked to sign this document four to six months after she began her employment, and there was scant evidence surrounding the signing of this document in May of 2001. The signing of this document is a significant change from her conditions of employment, and I am not convinced it is binding. Second, there was credible evidence that the non-compete clause is not evenly enforced. Two other individuals left employment without incident and on one occasion, Moda assisted that terminated employee by providing her with a list of her clients. Even acknowledging some factual differences, the non-compete clause was not enforced against these two employees, one of whom quit to start her own shop."
 {¶ 17} The trial court then went on to hold the following:
 {¶ 18} "I am, however, more persuaded by the Defense argument under Raimonde v. Van Vlerah (1975), 42 Ohio St.2d 21 that the non-compete clause is unreasonable and unenforceable. Ms. Dechert was or is a basic stylist. Other than some training, there was no evidence that her skills were any greater or less than other stylists, both at Moda or in other salons in the area. There was no evidence that the Defendant possessed inside information as to how Moda ran their business or any business or trade secrets or tricks of the trade that the Defendant might have knowledge of and used in her present employment. There was no evidence that the Defendant had established any business relationship with any suppliers of Moda, so as to cause Moda any loss of business or loss of good will with those suppliers."
 {¶ 19} The trial court concluded appellant "failed to carry their burden of proof in establishing that the non-compete clause is valid and enforceable, " and "in establishing that Moda will suffer irreparable harm."
 {¶ 20} Appellant's first argument, that the trial court's concern over the fact that the agreement was signed four to six months after appellee began her employment, is a red herring. It is conceded the continuation of employment may be proper consideration for the contract. See, Copeco, Inc. v. Caley
(1992), 91 Ohio App.3d 474. However, the trial court did not base its decision on this fact alone.
 {¶ 21} After a review of the record, we concur with the trial court's assessment of the lack of proof on the issue of damages. Appellant claimed some $85,000.00 in damages, but was unable to show any loss in profits or any lost clients. T. at 35-37. Further, appellant was unable to estimate the total number of clients the salon had before and after appellee's employment. T. at 38-39.
 {¶ 22} We also concur with the trial court's assessment of the evidence in light of the enumerated factors set forth inRaimonde. Appellant admitted all "technicians" enjoyed full access to the computer containing client information. T. at 44. Appellee had not been entrusted with any secret techniques, secret trademarked information, confidential information or trade secrets. T. at 22-23.
 {¶ 23} Appellant claims to have provided training to appellee, but conceded the training was offered to all stylists. T. at 12. Product training was conducted by the suppliers and essentially free because it was a "perk" provided with product consumption and sales. T. at 23, 48-49, 51.
 {¶ 24} Appellant admitted the six mile radius was intended to eliminate the main competition. T. at 21. The evidence established on at least one occasion, appellant did not exercise its rights under such a contract (Leah Rose). T. at 67.
 {¶ 25} Appellee testified she had no other job prospect other than the salon she was currently employed with at the time of the hearing. T. at 64. Appellee claimed she did not use appellant's client list, and made telephone contact with her specific clients only. T. at 57. Appellee agreed appellant provided some on-the-job training, but she paid for her own two years of schooling and her state boards. T. at 58-60.
 {¶ 26} Based upon the evidence presented, we cannot say the trial court erred in its interpretation of the evidence, or, as stated supra, are we permitted to substitute our own interpretation of the evidence. We believe it is critical to note that appellant's six mile radius limitation included the entire Belden Village shopping area up to and including the city limits of both Canton and Massillon. The limitation prohibited appellee from working within the major shopping and retail hub of the entire county. Although these geographical facts are not included in the trial court's judgment entry, they give credence to the trial court's decision.
 {¶ 27} Upon review of the record, we find the trial court's conclusion is supported by competent, credible evidence and is not against the manifest weight of the evidence.
 {¶ 28} Assignments of Error I and II are denied.
 {¶ 29} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs assessed to appellant.